**TRANS TECH RESOURCES, INC.,**
Plaintiff-Appellant,

v.

**MOBIL OIL CORPORATION,**
Defendant-Appellee.

No. 9–83.

Temporary Emergency Court of Appeals.

Argued Sept. 28, 1984.
Decided Jan. 22, 1985.

---

Zirpoli, J., dissented with opinion.

James S. Williams (argued), Froneberger & Bonner, San Francisco, Cal., with whom on brief, was Michael H. Bonner, San Francisco, Cal., for plaintiff-appellant.

Jack D. Fudge (argued), McCutchen, Black, Verleger & Shea, Los Angeles, Cal., with whom on brief, were Michael L. Hickok and Mary E. Tarduno, Los Angeles, Cal., for defendant-appellee.

Before JAMESON, DUNIWAY and ZIRPOLI, Judges.

DUNIWAY, Judge:

Trans Tech Resources, one of five retail gasoline dealers which filed this action, appeals for the third time from a judgment entered by the district court. That court held that appellee Mobil Oil Corporation's withdrawal of its discount on gasoline purchases did not result in charges exceeding the maximum allowable price under the Emergency Petroleum Allocation Act, 15 U.S.C. §§ 751–760h and the regulations promulgated under it, 10 C.F.R. §§ 210–214. We affirm.

## I. BACKGROUND.

Both before and after May 15, 1973, appellant received a "competitive" discount in the price of gasoline that it bought from Mobil. This discount was withdrawn on May 1, 1979. In its original complaint, appellant made only one claim of violation of the Act: it said that Mobil's withdrawal of the discount "raised the selling price to [appellant] to a price that exceeds the maximum allowable price chargeable to [appellant] and other similarly situated retail outlets in [appellant's] class of purchaser."

The district court granted summary judgment in favor of Mobil. In *Pacific Service Stations Co. v. Mobil Oil Corp.*, Em.App., 1980, 636 F.2d 306 (*Mobil I*), we reversed and remanded because Mobil had not sufficiently demonstrated that it had used appropriate class divisions, or that it had properly considered the discount, in computing the maximum allowable price under 10 C.F.R. § 212.83. *Id.* at 310.

Section 212.82(6) defines the term "maximum allowable price" as

the weighted average price at which the covered product was lawfully priced in transactions with the class of purchaser concerned on May 15, 1973, computed in accordance with the provisions of § 212.-83(a), plus increased product costs and increased nonproduct costs incurred between the month of measurement and the month of May 1973. . . .

On remand, both sides conducted further discovery. Mobil again moved for summary judgment. It argued, first, that the withdrawal of the discounts could not have resulted in an overcharge because Mobil correctly determined appellants' class of purchaser and the corresponding May 15, 1973 weighted average selling price. In support of this argument, Mobil filed an

affidavit by Mobil pricing manager Ashby stating that the relevant transactions to be considered in determining base price involved only "O.G. & L." dealers and, therefore, the applicable price was the dealer tankwagon price, i.e., the price for gasoline posted at Mobil's terminals and bulk plants. Mobil had two categories of retail dealers: "O.G. & L." dealers, who lease their premises from Mobil and never receive competitive allowances, and "N" dealers, such as appellant, who do not lease their premises from Mobil and might receive competitive allowances.

Second, Mobil argued that, even if it had incorrectly determined the base price, no overcharge would have resulted because Mobil's bank of unrecouped costs exceeded the amount of the claimed overcharge.

The district court granted summary judgment on both grounds. In a second appeal, appellants challenged these conclusions. *Pacific Service Stations Co. v. Mobil Oil Corp.*, Em.App., 1982, 689 F.2d 1055 (*Mobil II*). They argued that Mobil's pricing policies, as explained by Ashby, were contrary to the applicable regulations in four areas, *Mobil II* at 1063, and therefore genuine issues of fact remained in dispute with respect to the base price determination. Appellants also argued that Mobil exaggerated the size of its costs bank. *Mobil II* at 1065.

In *Mobil II*, we held that the district court should have granted appellant's motion to strike the Ashby affidavit because of Mobil's failure to submit supporting documents. *Mobil II* at 1062. We found the base price issue to be genuinely in dispute, because uncontested errors in Mobil's pricing policies could have resulted in the calculation of an inflated base price, *id.* at 1063–64, and because Mobil could have improperly disregarded discounts if one or more of the May 15, 1973 transactions involved dealers receiving them, *id.* at 1064. We reversed the district court's summary judgment, insofar as it was based on Mobil's costs bank defense, because we were unable to say as a matter of law that the bank was large enough to justify the price increase caused by the withdrawal of appellants' discounts. *Id.* at 1066. Finally, we offered guidance as to the scope of discovery upon remand:

> The answer to this question will in part depend upon the extent to which Mobil is able to substantiate its claims that it did not ignore discounts in computing base prices and that none of the alleged errors in its pricing policies had any significant impact upon the base price it computed for appellants.

*Id.*

On remand, the district court ordered Mobil to produce all documents referred to in the Ashby affidavit, and Mobil complied. Appellants sought additional discovery concerning the computation of Mobil's costs, and Mobil objected on the ground that information sought by appellants was immaterial to any remaining issues. The district court limited further discovery solely to the base price issue, and such discovery was conducted.

Mobil again moved for summary judgment on the ground that it did not improperly disregard discounts in computing the base price for appellants' class of purchaser, and, therefore, that appellants have no valid claims as a matter of law. Thereafter, four of the original five plaintiffs dismissed their claims against Mobil. Appellant Trans Tech filed opposition papers and a motion seeking further discovery. The district court granted Mobil's summary judgment motion and denied appellant's motion.

## II. BASE PRICE DETERMINATION.

The party opposing a motion for summary judgment is entitled to have all facts viewed in the light most favorable to it and to all reasonable inferences which may be drawn from the facts. *McWhirter Distributing Co., Inc. v. Texaco, Inc.*, Em.App., 1981, 668 F.2d 511, 519. The moving party must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Mobil II* at 1060; Fed.R.Civ.P. 56(c). Mobil has met this burden.

Ten C.F.R. § 212.83(a)(1) prohibits a refiner to charge to any class of purchaser a

price for a covered product "in excess of the maximum allowable price. . . ." In order to establish the maximum allowable price under the regulations, a refiner must establish a weighted average selling price (base price) for each class of purchaser for transactions which occurred on May 15, 1973. 10 C.F.R. § 212.83(a) and § 212.-93(a); D.O.E. Ruling 1979–1, 44 Fed.Reg. 24046 at 24047 (1979); *Taunton Mun. Lighting Plant v. D.O.E.*, Em.App., 1982, 669 F.2d 710, 712–13. As defined in 10 C.F.R. § 212.31, a "transaction" is considered to occur at the time and place when a binding contract is entered into between the parties. In *Mobil II* this panel noted that the set of transactions used to determine the base price may therefore be much smaller than the total number of class members. *Mobil II* at 1059, n. 7. So long as a single transaction occurred with respect to a particular class of purchasers on May 15, 1973, prior transactions within that class are not included in the base price determination. *Id.;* D.O.E. Ruling 1979–1, 44 Fed.Reg. at 24047.

Documents produced by Mobil in response to the district court's order on remand show that Mobil properly determined the base price for appellant's class of purchaser. They show that four relevant transactions took place on May 15, 1973; these transactions involved only "O.G. & L." dealers who received no discount on the tankwagon price. Mobil correctly included "O.G. & L." dealers with "N" dealers such as appellant in determining the relevant class of retail gasoline dealers in the Los Angeles area. *See Templeton's Service, Inc. v. Mobil Oil Corp.*, Em.App., 1980, 624 F.2d 1084. Appellant does not challenge this evidence. Indeed, appellant expressly conceded at oral argument that Mobil's class of purchaser and base price determinations were correct.

In *Mobil II* we reversed the district court's summary judgment partly because uncontested errors in Mobil's pricing policies might have resulted in the calculation of an inflated base price. *Mobil II* at 1064. These issues are clearly removed from the dispute by appellant's base price concession.

In *Mobil II* this panel expressed "considerable doubts" regarding the magnitude of Mobil's unrecouped costs available for passthrough to customers during that month. *Mobil II* at 1066. Arguing that increased product and nonproduct costs are necessarily included in the calculation of "maximum allowable price" under 10 C.F.R. § 212.82(6), appellant concludes that this is a material issue remaining in dispute. However, appellant failed to challenge the determination of Mobil's costs in its original complaint, or in *Mobil I*. The issue was first raised by Mobil, at the time of its second summary judgment motion, as an alternate affirmative defense. Mobil argued that appellants could not have been charged a price in excess of the maximum allowable price because (1) the base price was correctly determined as the dealer tank-wagon price and (2) even if the base price had been determined incorrectly, Mobil's costs bank would have exceeded the amount of the claimed overcharge. *Mobil II* at 1060, 1065. Mobil has successfully proved its first defense. The costs issue is therefore no longer relevant.

The issue of base price determination has been the threshold question throughout this litigation.

> Our prior opinion [*Mobil I*] recognized that appellants might be able to establish that the withdrawal of their discounts resulted in overcharges *if they could show an overstatement by Mobil of the amount of the base price for their class of purchaser. Pacific Service Stations Co. v. Mobil Oil Corp.*, [*Mobil I*] 636 F.2d at 310.

*Mobil II* at 1063, emphasis added. The district court correctly concluded as a matter of law that Mobil did not overstate the relevant base price, that Mobil did not overcharge appellants in violation of the EPAA, and that the validity of Mobil's calculation of cost pass-throughs is not in issue. The order of summary judgment was proper.

Appellant challenges the district court's order denying discovery regarding Mobil's costs. For the reasons discussed above, this was not error. Parties are not entitled

to discovery on irrelevant issues. Fed.R. Civ.P. 26(b)(1).

Affirmed.

ZIRPOLI, Judge, dissenting:

I must respectfully dissent. As the majority opinion indicates, appellant alleged in its complaint that Mobil's May 1, 1979 price increase to appellant which resulted from the withdrawal of certain competitive discounts "has raised the selling price to [appellant] to a price that exceeds the maximum allowable price chargeable to [appellant] and other similarly situated retail outlets in [appellant's] class of purchaser." The issue to be decided in this appeal is whether this allegation entitles appellant to discovery concerning Mobil's allegedly unrecouped product and nonproduct costs which were incurred by Mobil from August of 1973 through January of 1981 and upon which Mobil had based price increases to appellant's class of purchaser.

Appellant had sought discovery *specifically* directed to Mobil's allocation of increased costs since the spring of 1981 after the first remand of this case,[1] and had more generally requested information about Mobil's maximum allowable prices for appellant's class since June of 1979.[2] Mobil, in response to these discovery requests, stated that it had never attempted to calculate the maximum allowable price for appellant's class and it refused to produce *any* information relating to its increased costs and how they were allocated on the ground that it was not relevant to this action.

Over appellant's objection that the overcharge issue could not be decided without this cost-related information, the trial court granted summary judgment in favor of Mobil for a third time, without ever determining Mobil's maximum allowable price for appellant's class of purchaser. I dissent because I, unlike the majority, believe that the issue raised by appellant in its complaint—whether Mobil had on May 1, 1979, "raised the selling price to [appellant] to a price that exceeds the maximum allowable

price chargeable to ... [appellant's] class of purchaser"—clearly cannot be determined as a matter of law without permitting appellant to take discovery relating to Mobil's allegedly unrecouped costs and how they were allocated.

While the majority characterizes appellant's complaint as stating only a "single" claim, I think that it is clear from the definition of "maximum allowable price," the discovery which appellant sought long ago relating to costs, and the language of the complaint itself that this "single" claim is composed of multiple subsidiary issues, including whether the class of purchaser structure used by Mobil was appropriate, whether the computation of the May 15, 1973 base price for appellant's class was correct, *and* whether the price increases which Mobil claimed to be justified on the basis of recoupment of its increased costs were permissible under the regulations.

The "maximum allowable price" which Mobil could charge for its product is defined by 10 C.F.R. § 212.82(6) to be "the weighted average price at which the covered product was lawfully priced in transactions with the class of purchaser concerned on May 15, 1973, computed in accordance with the provisions of § 212.83(a), [the "base" price] *plus increased* product ... and ... nonproduct *costs* incurred between the month of measurement and the month of May 1973...." (Emphasis added) The language of the complaint incorporating the term "maximum allowable price," in conjunction with the nature of the discovery which appellant sought in this case make it clear that appellant's claim was not restricted to the contention that Mobil had improperly computed the base price for appellant's class of purchaser. Yet, the majority votes to affirm the summary judgment entered in favor of Mobil after finding *only* that Mobil correctly computed the base price for appellant's class, and without any finding as to whether Mobil had sufficient unrecouped costs to justify the prices charged to appellant after May 1,

---

**1.** *See* Plaintiffs' Second Set of Interrogatories.

**2.** *See* Plaintiff's First Set of Interrogatories.

1979. Indeed, the majority states that the costs issue is "no longer relevant." The majority's conclusion is evidently based upon its erroneous impression that the costs "issue was first raised by Mobil at the time of its second summary judgment motion, as an alternate affirmative defense." (Majority opinion at 1578) In fact, appellant had sought discovery from Mobil concerning its increased costs months prior to Mobil's filing of its second motion for summary judgment, but Mobil had refused to produce any information relating to that subject.

As we stated in *Mobil I*, the class of purchaser and base price determinations constitute only the *"first step* in determining the applicable ceiling price under 10 C.F.R. § 212.83." 636 F.2d at 310 (emphasis added). The majority opinion itself labels the base price determination the "threshold" question. (Majority opinion at 1578) Yet today my colleagues hold that the base price determination is the *dispositive* issue in this case. Our two prior decisions in this action reversed the trial court's entry of summary judgment in favor of Mobil because Mobil had failed to meet its burden of showing as a matter of law that it had correctly calculated appellant's base price, which is the "first step" in determining whether the prices were "lawful under 10 C.F.R. § 212.83." *Id.* I read nothing in these decisions, and fail to see any rationale in the majority's opinion, which supports the conclusion that now that Mobil has shown, as appellant concedes, there was no error in Mobil's computation of the base price for appellant's class, Mobil may obtain summary judgment in its favor without making any showing and without permitting appellant any discovery whatsoever as to the cost increase component of "maximum allowable price."

The fact that appellant based its two prior appeals in this case upon the class of purchaser and base price issues, and that

this court's previous opinions concentrate on those matters should not serve to preclude appellant from raising the additional deficiency in the record concerning Mobil's cost increase in order to defeat Mobil's motion for summary judgment once those "threshold" issues were resolved. Appellant had no obligation to engage in overkill on the first two appeals by arguing the costs issue to this court when it had clear winning arguments on the other issues. Litigants should not be forced to raise every possible basis for reversal where they are confident of prevailing on a smaller sample. As previously noted, appellant unequivocally raised in the trial court factual issues concerning the "amounts of increased costs incurred by Mobil," the "amounts of increased costs recovered by Mobil," and the "greatest increment of increased costs included in the actual selling price to any purchaser of gasoline during each month of the period August 1973 through January 1981" by seeking discovery on these matters well before Mobil's second motion for summary judgment was filed. *See* Plaintiffs' Statement of Genuine Issues of Material Fact.

It is significant to note that Mobil does *not* quarrel with appellant's contention that appellant conceivably could have been overcharged due to Mobil's errors in computing the amount of its unrecouped costs which it later passed through to appellant in the form of price increases.[3] Rather, Mobil argues only that appellant is seeking to "dredge up a new cause of action unrelated to its complaint." Far from being a "new cause of action" raised only after Mobil had shown that it correctly computed appellant's base price, I think that the issue of Mobil's pass-through of increased costs has been an issue in this case from the outset. Appellant did not merely allege that Mobil improperly calculated its base price. It alleged that the price charged after May 1, 1979, exceeded the "maximum

---

**3.** Appellant's position is not unsupported. In a Notice of Probable Violation issued December 12, 1979, the Department of Energy found that systematic errors in Mobil's base price determinations for classes across the nation probably caused Mobil to overstate its increased costs

(upon which it based price increases other than those stemming from a withdrawal of competitive allowances) by $271,139,215 for the period September 1973 through December 1976 alone. *See also Mobil II*, 689 F.2d at 1065.

allowable price," which puts in issue both the base price determination *and the pass-through of increased costs.* Appellant sought discovery on the cost issue in its Second Set of Interrogatories and Request for Production served in the spring of 1981. Mobil refused to permit, and the trial court refused to order any discovery related to Mobil's costs. Had appellant been given any reason to believe that the rather clear language of its complaint was not sufficient to raise the issue of Mobil's pass-through of costs, it could have easily amended its complaint in the spring of 1981, when it first sought discovery relating to costs, without encountering any statute of limitation problems, since the amendment would have been well within the three year statute of limitations applicable to its claim. *See Ashland Oil Co. of Calif. v. Union Oil Co. of Calif.,* Em.App., 1977, 567 F.2d 984, 991.

In my opinion Mobil has failed to sustain its burden of establishing as a matter of law that it did not charge appellant a price that "exceeds the maximum allowable price," subsequent to May 1, 1979, and it was clear error for the trial court to deny appellant any discovery relating to Mobil's cost pass-throughs. Accordingly, I would reverse and remand to the trial court for appropriate discovery.